UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA)
PRODUCTS LIABILITY LITIGATION
_____

This document relates to:

*Stanton v. Bayer Corp.*, C04-0421

MDL NO. 1407
ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

I. Introduction

This matter comes before the court on behalf of all defendants through Novartis Consumer Health's ("NCH") Motion for Summary Judgment Based Upon *Res Judicata* and Statute of Limitations. Having reviewed the briefs filed in support of and opposition to the motion, the court finds and rules as follows:

II. Background and Procedural History

On February 10, 1997, plaintiff Rona Stanton suffered a stroke that she alleges was caused by the ingestion of products containing phenylpropanolamine ("PPA") and pseudoephedrine ("PSE").

1

Plaintiff originally filed her claim in New Jersey Superior Court on August 22, 2001,[1] naming Bayer and Novartis as defendants, as well as the New Jersey corporation American Home Products. The case was consolidated with other PPA cases then pending in New Jersey state court before the Honorable Marina Corodemus. According to the plaintiffs, it became clear during discovery that they could not proceed against American Home Products, and plaintiffs stipulated to the dismissal of that defendant. American Home Products, however, was the only New Jersey connection in the case, and Judge Corodemus indicated that the parties should agree to transfer the case out of New Jersey. Plaintiffs filed suit in New York state court upon Judge Corodemus' suggestion on November 3, 2003.[2] On November 5, 2003, defendant Bayer moved to dismiss the New Jersey action with prejudice.

On December 19, 2003, counsel for plaintiffs and counsel for defendant Bayer participated in a conference call with Judge Corodemus, on the record, to discuss the disposition of the New Jersey action. Counsel for defendant Novartis did not participate in this telephonic conference. Plaintiffs and defendant Bayer agreed with Judge Corodemus' suggestion that plaintiffs' claim should be litigated either in New York or in Multi-District Litigation 1407

---

[1] Plaintiff amended her complaint on September 19, 2002, to add her husband Roger Stanton as a plaintiff seeking loss of consortium damages.

[2] On November 11, 2003, defendant Bayer filed a notice of removal to district court in the New York action.

("the MDL"), rather than in New Jersey state court. *Transcript of December 19, 2003 Telephonic Conference ("Transcript")* at 8-9.

Plaintiffs argued for a dismissal without prejudice in order to carry on with the New York action. *Transcript* at 8. Judge Corodemus informed the parties that she planned to dismiss the claim with prejudice to ensure that the case not make its way back to New Jersey, but noted that the parties should continue litigating the case either in New York or in the MDL. *Transcript* at 8-9. Judge Corodemus clarified during the conference that the "case isn't dead, it just shouldn't be [in New Jersey]." *Transcript* at 8. Although Judge Corodemus expressly intended plaintiffs to proceed with their action in New York state court or federal court, on December 24, 2003, she dismissed the action with prejudice. Plaintiffs did not appeal the dismissal, nor did they seek reconsideration. After being removed to federal court, plaintiffs' New York action was eventually transferred to the MDL. On September 28, 2004, defendants moved for summary judgment based on the statute of limitations and *res judicata*.

III. Discussion

Under FRCP 56(c), a district court shall grant a motion for summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Thus, this court looks to the applicable rules of

3

*res judicata* and statute of limitations to determine if defendants are entitled to summary judgment as a matter of law.

    **A.**   *Res Judicata*

In determining the preclusive effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply the law of *res judicata* of the state in which the judgment was made. Troutt v. Colorado W. Ins. Co., 246 F.3d 1150, 1156, n.1 (9th Cir. 2001). Accordingly, this court looks to New Jersey law to determine the preclusive effect of Judge Corodemus' dismissal of the New Jersey action.

Under New Jersey law, *res judicata* applies when a) the judgment relied on is valid, final, and on the merits; b) the parties in the two actions are either identical or in privity with one another; and c) the claims grow out of the same transaction or occurrence. *Olds v. Donnelly*, 291 N.J. Super. 222, 232 (App. Div. 1996); *Watkins v. Resorts Int'l Hotel and Casino*, 124 N.J. 398, 412-13 (1991). No party has disputed that the last two requirements have been met.

The only question is whether the judgment relied on was valid, final, and on the merits. According to New Jersey law, a dismissal with prejudice typically "constitutes an adjudication on the merits as fully and completely as if the order had been entered after trial." *Feinsod v. Noon*, 261 N.J. Super. 82, 84 (App. Div. 1992). Defendants contend that the preclusive effect of *res judicata* applies in this situation, claiming that the dismissal with prejudice was "final, valid, and on the merits," and pointing out that if plaintiffs attempted to re-file their claim in New Jersey,

4

no court in the state would allow it to proceed. Defendants further argue that even if this court disagrees with the result in the state matter, "its preclusive effect within the state courts would remain unchanged." *Dowdell v. University of Med. and Dentistry of N.J.*, 94 F. Supp 2d. cite at 533 (D.N.J. 2000).

This court notes, however, that during the conference call concerning the disposition of the New Jersey action, Judge Corodemus specifically stated that plaintiffs could proceed with their claims elsewhere. Judge Corodemus explained that she planned to dismiss the case with prejudice in order to keep it out of New Jersey courts, but that plaintiffs should "pursue [the case] in New York or in the MDL." *Transcript* at 4. While Judge Corodemus did dismiss the case with prejudice, her directive illustrates that she did not intend for the dismissal of the New Jersey action to have preclusive effect. Rather, she intended plaintiffs to have the opportunity to pursue the case in a more appropriate forum.

In light of Judge Corodemus' clearly expressed objective, this court hereby denies defendants motion for summary judgment based on *res judicata*.

**B.** <u>Statute of Limitations</u>

It is well settled that federal courts must apply New York statute of limitations law in New York state diversity actions. *Stafford v. International Harvester Co.*, 668 F.2d 142, 147 (2d Cir. 1981). This is true even when the injury giving rise to the lawsuit occurred outside of New York state. *Id.* at 142, 147. A borrowing statute, N.Y.C.P.L.R. § 202, supplements New York's limitations

5

laws, providing that an action cannot be maintained in New York if the statute of limitations of the state where the cause of action accrued bars the action. N.Y.C.P.L.R. § 202. *See Stuart v. American Cyanamid Co.,* 158 F.3d 622, 627 (2d Cir. 1998) (holding where a cause of action accrues outside New York, "the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued").

In this instance, the cause of action accrued in Idaho, the state in which plaintiffs resided, and in which the injury occurred. The action must therefore be timely under both New York and Idaho limitations laws. *See Naples v. Acer Am. Corp.,* 970 F. Supp. 89, 92, 97 (D.R.I. 1997) (stating that a claim filed in New York must be timely under New York, as well as Rhode Island, law). As set out below, New York limitations law bars plaintiffs' claims.[3]

According to New York law, actions to recover damages for personal injuries, including product liability actions, must be commenced within three years of the date the cause of action accrues. N.Y.C.P.L.R. § 203(a); § 214(5). Generally, a cause of action accrues and the limitations period commences on the date of injury. *Snyder v. Town Insulation, Inc.,* 81 N.Y.2d 429 (1993).

---

[3] Since the court must look to the shorter of the statute of limitations periods and New York limitations law bars the claim, it is unnecessary to determine whether Idaho limitations law also bars the claim.

6

New York has a discovery rule, N.Y.C.P.L.R. § 214-c(4)[4], which provides that a plaintiff who is aware of an injury, but unable to state its cause due to a lack of scientific and medical knowledge, may bring a claim within one year of discovery of the cause of the injury. Pursuant to this provision a plaintiff can file a claim within one year of discovering the cause of the injury, provided that discovery of the cause occurs within five years of discovery of the injury itself. N.Y.C.P.L.R. § 214-c(4).

The FDA issued its advisory concerning the negative effects of PPA on November 6, 2000, and plaintiff filed her claim in New Jersey on August 22, 2001. While the New Jersey action was still pending, plaintiffs Rona and Roger Stanton filed a claim in New York on November 3, 2003. Although plaintiff Rona Stanton filed the New Jersey action within the statute of limitations, the New York filing fell outside both the New York statute of limitations and the one-year window provided by discovery rule § 214-c(4).

A court may, however, toll the statute of limitations in exceptional circumstances to avoid inequity to a diligent plaintiff.

---

[4] "Where discovery of the cause of the injury is alleged to have occurred less than five years after discovery of the injury, or when with reasonable diligence such injury should have been discovered, whichever is earlier, an action may be commenced or a claim filed within one year of such discovery of the cause of the injury; provided, however, if any such action is commenced or claim filed after the period in which it would otherwise have been authorized pursuant to [section 214-c(2)] that plaintiff or claimant shall be required to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of his injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized and that he has otherwise satisfied the requirements of [section 214-c(2)]."

*See, e.g., Polanco v. U.S. Drug Enforcement Admin*., 158 F.3d 647, 655 (2nd Cir. 1998). Under New York law, equitable tolling may be available where: (1) the plaintiff timely filed the complaint in the wrong forum; (2) the defendant actively misled the plaintiff; or (3) the plaintiff in some extraordinary way has been prevented from complying with the limitations period. *See O'Hara v. Bayliner,* 89 N.Y.2d 636,646, 679 N.E.2d 1049, 1054 (N.Y. 1997) (citations omitted).

    In the instant case, plaintiffs timely (under the New Jersey and New York limitations periods) filed the action in New Jersey state court, within months of discovering their claim. In addition, during the December 19, 2003 teleconference with plaintiffs' attorney and Judge Corodemus, counsel for defendant Bayer unequivocally indicated that there was no statute of limitations problem with the New York action, asserting his "understanding that there's a three year statute of limitations and that there was no statute issue." *Transcript* at 4. Counsel went on to assert that plaintiffs had timely filed the New York complaint, indicating that Bayer would not later rely on the statute of limitations to defend against the New York action. Clearly Judge Corodemus, as discussed above, also intended for plaintiffs to be able to pursue their case in New York. It is possible that had Judge Corodemus been fully apprised of the New York statute of limitations issue, she would not have dismissed the case in New Jersey, threatening to leave plaintiffs with no recourse. The court finds that plaintiffs have diligently pursued their claims and that these exceptional

circumstances support tolling the statute of limitations period to avoid inequity.

Finally, defendants Bayer and Novartis have been on notice of plaintiffs' claims against them since the filing of the New Jersey case, and cannot be said to suffer surprise at the filing of the New York claim. The court therefore finds no inequity done to defendants by tolling plaintiffs' claims under the applicable statute of limitations.

## IV. Conclusion

For the foregoing reasons, defendants' motion for summary judgment is hereby DENIED.

DATED at Seattle, Washington, this 22nd day of April, 2005.

*/s/ Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
United States District Court Judge